GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

GARY O'BRYAN, Defendant

Criminal No. 80/68

District Court of the Virgin Islands

Div. of St. Croix

June 10, 1980

ELLEN DENNIS, ESQ., Special Assistant United States Attorney (Office of the United States Attorney), Christiansted, St. Croix, V.I., *for plaintiff*

MICHAEL JOSEPH, ESQ., Assistant Federal Public Defender (Office of the Federal Public Defender), Christiansted, St. Croix, V.I., *for defendant*

BROTMAN, *Judge By Special Assignment*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This matter is before the Court on motion of defendant for judgment of acquittal made pursuant to Fed. R. Crim. P. 29(c). The motion will be denied.

Defendant was convicted on one count of assault with a deadly weapon (14 V.I.C. § 297(2)) and one count of unauthorized possession of a firearm during the commission of a crime of violence (14 V.I.C. § 2253(a)). Defendant has now moved for a judgment of acquittal as to the second count, contending that the evidence presented at trial was insufficient to support the conviction as a matter of law.

■ Under the evidence presented at trial the jury properly found that the defendant possessed a firearm, that he was not authorized to do so and that he committed an assault with that firearm by administering multiple gunshot wounds to the body of the victim. Defendant argues—without citing authority—that he may not be convicted of violating 14 V.I.C. § 2253(a) where the underlying violent crime necessarily required the possession of the firearm. Although defendant's argument is somewhat ingenious, it does not correctly state the law.

■ ■ The correct rule, stated in United States v. Kenny, 462 F.2d 1205, 1215 (3d Cir. 1972), is that even though the offenses charged arose from a single act or series of acts, the defendant may be convicted of both charges so long as each violation requires proof of a fact not essential to the other. Such is obviously the case here. The two statutes in question describe separate and distinct offenses. Moreover, the statutory scheme clearly reveals the legislative purpose of providing additional punishment and a minimum period of incarceration in cases when a violent crime (such as the assault here) was accomplished by means of a firearm which the perpetrator was not authorized to possess. Accordingly, defendant's motion will be denied.

## ORDER

For the reasons set forth in the memorandum opinion of even date, it is hereby

ORDERED:

That defendant's motion for judgment of acquittal be, and is hereby, DENIED.